IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,265




EX PARTE STANLEY WAYNE KIRKPATRICK, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2004-474-C2 IN THE 54TH DISTRICT COURT
FROM MCLENNAN COUNTY




           Per curiam. Price, J., filed a concurring opinion in which Johnson, Keasler
and Cochran, JJ., joined.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to two years’ imprisonment. 
            Applicant contends that he was denied his right to an appeal. On September 16, 2009, we
remanded this application for findings of fact and conclusions of law and specifically directed the
trial court to order counsel to file an affidavit in response to Applicant’s claim. On November 23,
2009, we remanded this application for further findings and conclusions because the trial court failed
to order counsel to file an affidavit. On the second remand, counsel responded in an affidavit that 
after Applicant was sentenced, counsel told the trial court that Applicant intended to appeal and
requested that the trial court appoint appellate counsel. He also said that the trial court granted his
motion to “substitute out.” Counsel did not file a notice of appeal, however, and the trial court did
not appoint appellate counsel until April 21, 2009, well after the deadline for filing a timely notice
of appeal. The trial court made findings of fact and concluded that counsel’s performance was not
deficient and that Applicant “could be entitled to an out-of-time appeal.” 
            We conclude that counsel’s performance was deficient and that Applicant is entitled to an
out-of-time appeal. See Ex parte Axel, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (“We also hold
that trial counsel, retained or appointed, has the duty, obligation and responsibility to consult with
and fully to advise his client concerning meaning and effect of the judgment rendered by the court,
his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps
to pursue an appeal, as well as expressing his professional judgment as to possible grounds for
appeal and their merit, and delineating advantages and disadvantages of appeal”); Jones v. State, 98
S.W.3d 700, 703 (Tex. Crim. App. 2003) (“If the defendant decides to appeal, the attorney must
ensure that written notice of appeal is filed with the trial court”).
            We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. 2004-474-C2 from the 54th Judicial District Court of
McLennan County. Applicant is ordered returned to that time at which he may give a written notice
of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits
shall be calculated as if the sentence had been imposed on the date on which the mandate of this
Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative
steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.
 
Delivered: December 16, 2009
Do Not Publish